UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 1 2 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JAMES D. LUEDTKE,

      Plaintiff,

v.             Civil Action No. 14-389

ERIC H. HOLDER, JR., *et al.*,

      Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

"James Luedtke was convicted of one count of armed bank robbery, one count of knowingly brandishing a firearm during a crime of violence, one count of possession of a firearm by a felon, and two counts of making false statements in the acquisition of a firearm, relating to the armed robbery of the Premier Community Bank in Iola, Wisconsin on December 13, 2002." *United States v. Luedtke*, 125 F. App'x 732, 733 (7th Cir. 2005). He now attempts to secure his release by means of a *Bivens*[1] action against the President of the United States and the Pardon Attorney, demanding both injunctive relief and an award of $82 million as compensation for what he describes as his continued false imprisonment. The complaint will be dismissed.

The plaintiff's *Bivens* claim fails because the named defendants, who presumably are sued in their official capacities only, are immune from suit. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies); *Clark v. Library of*

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights).

*Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity . . . bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government."). His claim for monetary damages also fails. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id.* at 486-87 (footnote omitted); *see Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions."). The plaintiff does not show that his conviction has been invalidated, and, therefore, his "claim for damages bearing [a] relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

The complaint fails to state claims upon which relief can be granted, and accordingly, the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order is issued separately.

_____
United States District Judge

DATE: 2/10/14